# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
10/27/2020 2:48 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**KEVIN R. HANSEN, ESQ.**
Nevada Bar No. 6336
**AMY M. WILSON, ESQ.**
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

CASE NO: A-20-823790-C
Department 32

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| NICOLE MCKINESS, an Individual,<br><br>              Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>a Foreign Corporation, d/b/a SMITHS #358,<br>a/k/a THE KROGER CO., DOE<br>EMPLOYEES I through X, and ROE<br>BUSINESS ENTITIES I through X inclusive,<br><br>              Defendants. | Case No.:<br>Dept No.:<br><br><br><br>**COMPLAINT** |

Plaintiff NICOLE MCKINESS, by and through her counsel of record, KEVIN R.

HANSEN, ESQ., and AMY M. WILSON, ESQ., of the law firm LAW OFFICES OF KEVIN R.

HANSEN, complains and avers of the Defendants as follows:

### I.

### PARTIES IN JURISDICTION

1.      The events and circumstances giving rise to this Complaint occurred in Clark

County, Nevada on or about August 30, 2019.

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1

2.     Plaintiff NICOLE MCKINESS (hereinafter "Plaintiff"), at all times material herein, is and was a resident of Clark County, State of Nevada.

3.     Upon information and belief, Defendant SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITHS #358, a/k/a THE KROGER CO., ("Defendant"), is a foreign corporation duly licensed and conducting business in the State of Nevada.

3.     Defendants DOE EMPLOYEES I through X, and ROE BUSINESS ENTITIES I through X, are set forth herein pursuant to rule 10 of the Nevada Rules of Civil Procedure. They constitute all persons or business entities currently unknown to Plaintiff who are believed to be responsible for the events and happenings referred to in this Complaint or otherwise have a claim to an interest in the subject matter of this Complaint. At such time when the names of said DOE EMPLOYEES and ROE BUSINESS ENTITIES have been ascertained, Plaintiff will request leave from the court to amend this Complaint and insert their true names and capacities and adjoin them in this action. All the defendants to this action, including the DOE EMPLOYEES and ROE BUSINESS ENTITIES, are referred to herein as "Defendants" or "Defendants and each of them."

4.     Jurisdiction is obtained and venue is properly set in the Eighth Judicial District Court for the State of Nevada.

## FACTS

5.     Plaintiff incorporates and realleges all foregoing paragraphs as though these paragraphs were fully set forth herein.

6.     On or about August 30, 2019, Plaintiff was a lawful visitor at SMITHS #358 located at 2540 S. Maryland Pkwy., Las Vegas, NV 89109, owned and operated by Defendant SMITH'S FOOD & DRUG CENTERS, INC.

////

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

2

7.     While Plaintiff was shopping in the store, she entered aisle number 4 to retrieve some items and slipped and fell due the presence of an unsafe, hazardous condition present on the floor.

8.     Plaintiff slipped and fell resulting in bodily injuries.

9.     There were no warning or hazard notices posted in the area of the store where the Plaintiff slipped and fell.

10.     Defendant SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITHS #358 owns the premises whereupon Plaintiff slipped and fell and was injured.

11.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to her body. These injuries caused and will continue to cause her mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

12.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for her injuries. As a result, she incurred medical and incidental expenses in an amount of special damages in excess of $15,000.00.

13.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

## FIRST CAUSE OF ACTION
### Negligence

14.     Plaintiff incorporates and realleges all foregoing paragraphs as though these paragraphs were fully set forth herein.

15.     Defendant SMITH'S FOOD & DRUG CENTERS, INC., d/b/a SMITHS #358 at all times relevant herein, owned and was responsible for operating, controlling, and maintaining

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

3

the premises where Plaintiff slipped and fell on or about August 30, 2019.

16.     Defendants, and each of them, owed Plaintiff a duty of reasonable care to maintain the floor at SMITHS #358 in a reasonably safe condition.

17.     Defendants, and each of them, breached this duty by allowing a hazardous condition to be present on the floor without warning or notice.

18.     Defendants, and each of them, were responsible for the presence of the hazardous condition, or knew or should have known of the presence of the hazardous condition prior to the moment that Plaintiff slipped and fell.

19.     Each Defendant DOE EMPLOYEE was the agent, servant and/or employee of Defendant SMITHS #358, acting within the course and scope of such agency, service, and/or employment.

20.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to her body. These injuries caused and will continue to cause her mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

21.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for her injuries. As a result, she incurred medical and incidental expenses in an amount of special damages in excess of $15,000.00.

22.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to compensation for those expenditures in an amount to be determined by the Court.

////

////

4

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## SECOND CAUSE OF ACTION
### Premises Liability

23.     Plaintiff incorporates all foregoing paragraphs of the Complaint as though these paragraphs were fully set forth herein.

24.     At all times herein relevant, Plaintiff was a lawful visitor at the SMITHS #358 store located in Las Vegas, Clark Courty, Nevada.

25.     At all times herein relevant, Defendants and each of them were responsible for the condition and safety of the floor at SMITHS #358 where Plaintiff slipped and fell on or about August 30, 2019.

26.     Defendants, and each of them, owed Plaintiff a duty of reasonable care to maintain the floor at SMITHS #358 in a reasonably safe condition.

27.     Defendants, and each of them, breached this duty by allowing the hazardous condition to be present and for failing to rectify the condition before Plaintiff slipped and fell.

28.     Defendants, and each of them, were responsible for the presence of the hazardous condition or knew or should have known of the presence of the hazardous condition prior to the moment that Plaintiff slipped and fell.

29.     Each Defendant DOE EMPLOYEE was the agent, servant and/or employee of Defendant SMITHS #358, acting within the course and scope of such agency, service, and/or employment.

30.     As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered injuries to her body. These injuries caused and will continue to cause her mental and physical pain and suffering in an amount of general damages in excess of $15,000.00.

31.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff had to employ physicians and other health care providers to examine, treat, and care for

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1   her injuries. As a result, she incurred medical and incidental expenses in an amount of special

2   damages in excess of $15,000.00.

3       32.    As a direct and proximate result of the actions of Defendants, and each of them,

4   Plaintiff has had to incur expenses for attorneys' fees and costs of suit herein and is entitled to

5   compensation for those expenditures in an amount to be determined by the Court.

6    

7       WHEREFORE, Plaintiff, expressly reserving the right to amend this complaint prior to or

8   at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays

9   judgment against all Defendants, and each of them, as follows:

10      1.    For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

11   

12      2.    For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

13      3.    For lost wages and vocational damages in an amount to be determined;

14      4.    For the cost of suit and reasonable attorney's fees and costs;

15      5.    For interest at the statutory rate; and

16      5.    For such other relief as the Court deems just and proper.

17   

18      DATED this 23rd day of October 2020.

19                          LAW OFFICES OF KEVIN R. HANSEN

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

6

**AFFIDAVIT OF SERVICE**

Electronically Filed
11/3/2020 12:32 PM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-20-823790-C | Court:<br>Clark County District Court | County:<br>Clark, NV |
|---|---|---|
| Plaintiff / Petitioner:<br>Nicole McKiness | | Defendant / Respondent:<br>Smith's Food & Drug Centers, Inc. d/b/a Smiths #358 a/k/a The Kroger Co. |
| Received by:<br>Serve Vegas LLC | | For:<br>Law Offices of Kevin R. Hansen |
| To be served upon:<br>Smith's Food & Drug Centers, Inc. d/b/a Smiths #358 a/k/a The Kroger Co. | | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | KRIS OSBORN , Corporate: 112 N. Curry St., Carson City, NV 89703 |
| Manner of Service: | Registered Agent, Nov 2, 2020, 11:54 am PST |
| Documents: | Complaint, Initial Appearance Fee Disclosure, Civil Cover Sheet, Summons |

**Additional Comments:**
1) Successful Attempt: Nov 2, 2020, 11:54 am PST at Corporate: 112 N. Curry St., Carson City, NV 89703 received by KRIS OSBORN . Age: 33; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'5"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____  11/02/2020
Richard Reese                            Date
PILB#1505

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
775-720-2620

Electronically Filed
11/23/2020 2:39 PM
Steven D. Grierson
CLERK OF THE COURT

1
2
3
4
5
6
7
8

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Blvd. - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

9

## DISTRICT COURT

10

## CLARK COUNTY, NEVADA

11

NICOLE MCKINESS, an Individual,

12

Plaintiff,

13

vs.

14
15
16

SMITH'S FOOD & DRUG CENTERS, INC.,
a Foreign Corporation, d/b/a SMITH'S #358,
a/k/a THE KROGER CO., DOE
EMPLOYEES I through X, and ROE
BUSINESS ENTITIES I through X inclusive,

17

Defendants.

Case No.: A-20-823790-C
Dept. No.: XXXII

**DEFENDANT SMITH'S FOOD & DRUG
CENTERS, INC,'S ANSWER TO
PLAINTIFF'S COMPLAINT**

18

19

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

20

attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

21

answers Plaintiff's Complaint on file herein as follows:

22

**I.**

23

This answering Defendant states that it does not have sufficient knowledge or information upon

24

which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 3 (sic) of

25

Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

26

/ / /

27

/ / /

28

/ / /

CLAC 6067097.1

**II.**

In response to the first Paragraph 3 of Plaintiff's Complaint, this answering Defendant admits that it is a foreign corporation duly licensed and conducting business in the State of Nevada. This answering Defendant denies all remaining allegations contained in said Paragraph.

**III.**

Paragraph 4 of Plaintiff's Complaint states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**IV.**

This answering Defendant, in response to Paragraph 5 of that portion of Plaintiff's Complaint entitled "**FACTS**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**V.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 6, 7, 8 and 9 of that portion of Plaintiff's Complaint entitled "**FACTS**" and upon said ground, denies each and every allegation contained therein.

**VI.**

In response to Paragraph 10 of that portion of Plaintiff's Complaint entitled "**FACTS**", this answering Defendant admits that it owns the SMITH'S store in question. This answering Defendant denies any remaining allegations contained in said Paragraph.

**VII.**

This answering Defendant denies each and every allegation contained in Paragraphs 11, 12 and 13 of that portion of Plaintiff's Complaint entitled "**FACTS**".

**VIII.**

This answering Defendant, in response to Paragraph 14 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

///

2

CLAC 6067097.1

**IX.**

In response to Paragraph 15 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**", this answering Defendant admits that it owned, operated and controlled the SMITH'S store in question on or about August 30, 2019.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**X.**

Paragraph 16 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**" states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

**XI.**

This answering Defendant denies each and every allegation contained in Paragraphs 17, 18, 20, 21 and 22 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**".

**XII.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraph 19 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION - Negligence**" and upon said ground, denies each and every allegation contained therein.

**XIII.**

This answering Defendant, in response to Paragraph 23 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION - Premises Liability**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XIV.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 24 and 29 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION - Premises Liability**" and upon  said ground, denies each and every allegation contained therein.

**XV.**

Paragraphs 25 and 26 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION – Premises Liability**" state a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraphs.

**XVI.**

This answering Defendant denies each and every allegation contained in Paragraphs 27, 28, 30, 31 and 32 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION – Premises Liablity**".

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 6067097.1

1  WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

2  Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3  further relief as to the Court may deem proper.

4  Dated this 23rd day of November, 2020.

5  COOPER LEVENSON, P.A.

6

7  By   /s/ Jerry S. Busby
       Jerry S. Busby
8      Nevada Bar No. 001107
       Gregory A. Kraemer
9      Nevada Bar No. 010911
       3016 West Charleston Blvd. - #195
10     Las Vegas, Nevada  89102
       Attorneys for Defendant
11     SMITH'S FOOD & DRUG CENTERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 6067097.1

1

## CERTIFICATE OF SERVICE

2      Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and

3  that on this 23rd day of November, 2020, I did cause a true copy of the foregoing **DEFENDANT**

4  **SMITH'S FOOD & DRUG CENTERS, INC,'S ANSWER TO PLAINTIFF'S COMPLAINT**

5  to be served upon each of the parties listed below via electronic service through the Eighth Judicial

6  District Court's Odyssey E-File and Serve System:

7      Kevin R. Hansen, Esq.
       LAW OFFICES OF KEVIN R. HANSEN
8      5440 West Sahara Avenue – Suite 206
       Las Vegas, NV 89146
9      Attorneys for Plaintiff

10                              By   /s/ Theresa H. Rutkowski
                                     An Employee of
11                                   COOPER LEVENSON, P.A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed
11/30/2020 2:01 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
**KEVIN R. HANSEN, ESQ.**
Nevada Bar No. 6336
**AMY M. WILSON, ESQ.**
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| NICOLE MCKINESS, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation, d/b/a SMITHS #358, a/k/a THE KROGER CO., DOE EMPLOYEES I through X, and ROE BUSINESS ENTITIES I through X, inclusive;<br><br>Defendants. | Case No.: A-20-823790-C<br>Dept No.: XXXII |

### PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff NICOLE MCKINESS, hereby requests the above-captioned matter be exempted

from arbitration, pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. _____    presents a significant issue of public policy;

2. __X_____    involves an amount in issue in excess of $50,000.00, exclusive of interest and costs;

3. _____    presents unusual circumstances, which constitute good cause for removal from the program.

////

////

////

1

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## SUMMARY OF FACTS

On or about August 30, 2019, Plaintiff Nicole McKiness was a lawful customer at the SMITH'S FOOD AND DRUG located at 2540 S Maryland Pkwy, Las Vegas, NV 89109. As Ms. McKiness was grocery shopping, she entered aisle 4 to pick up some items where she slipped and fell due to what appeared to be spilled fruit cans on the floor or some other liquid substance which created a dangerous, hazardous condition.

Plaintiff suffered multiple physical injuries, mental anguish, loss of enjoyment of life and recreational activities due to the negligence of the Defendant.

## INJURIES AND TREATMENT

On September 5, 2019, Ms. McKiness presented to Core Rehabilitation where she reported the slip and fall incident and that she was having significant pain in her back, right knee, leg, and ankle, as well as her left ribs, that she was having trouble sleeping and having anxiety. Ms. McKiness was examined by Dr. Peter Catlett, D.C. who performed a thorough exam and evaluation and diagnosed Ms. McKiness initially with the following:

- Segmental and somatic dysfunction of thoracic region
- Sprain of ligaments of thoracic spine
- Strain of muscle and tendon of back wall of thorax
- Segmental and somatic dysfunction of lumbar region
- Sprain of ligaments of lumbar spine
- Strain of muscle, fascia and tendon of lower back
- Sprain of unspecified site of right knee
- Pain in lower leg
- Strain of muscle and tendon of anterior muscle group at lower leg level, right leg
- Sprain of unspecified ligament of right ankle
- Strain of unspecified muscle and tendon at ankle and foot level, right foot
- Pain in right foot
- Sprain of ribs
- Acute stress reaction
- Insomnia

2

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1    Dr. Catlett recommended an initial course of conservative rehab for 6-12 weeks and noted

2    that Ms. McKiness may need orthopedic and pain management consultation as well as imaging.

3    Dr. Catlett also referred Ms. McKiness to Southern Nevada Medical Group for an MD consult.

4    As Ms. McKiness engaged in the conservative rehabilitation, there was very little, if any,

5    improvement in her pain and symptoms, therefore she was referred out for imaging and for

6    orthopedic and pain management evaluation.

7

8    Ms. McKiness was seen at Advanced Orthopedics and Sports Medicine where she treated

9    with Dr. Liu for her knee and Dr. Kuruvilla for her ankle. She also was seen at Center for Wellness

10   and Pain Care of Las Vegas for pain management.

11   On November 6, 2019 an MRI of the right knee revealed signal in the meniscus,

12   chondromalacia of the patella. The MRI of the right ankle revealed sprain of the posterior

13   talofibular ligament, partial tear/sprain of the anterior and posterior tibiofibular ligaments, partial

14   tear of the Achilles tendon.

15

16   In early February 2020, Ms. McKiness's already injured right knee gave out on her

17   causing her to fall and further injure her right knee. She was diagnosed on February 3, 2020 with

18   a nondisplaced fracture of proximal fibular metadiaphysis.

19

20   Ms. McKiness has endured a year of invasive medical treatment, pain and suffering, and

21   is still not fully recovered from the injuries she sustained in this slip and fall incident. Ms.

22   McKiness works as a bus driver and has tried to maintain treatment while out of the state of

23   Nevada the best she could. Ms. McKiness has undergone multiple procedures for her knee and

24   ankle as well as physical therapy. **She has been recommended for knee surgery as well as**

25   **bilateral lumbar transforaminal Epidural Steroid Injections at L4-L5, L5-S1.**

26

27   ////

28

3

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## INITIAL TRAUMA & PAIN AND SUFFERING

Due to the negligence and failure to exercise due care of the Defendant to maintain the premises in a reasonable and safe condition free of hazards, Ms. McKiness has suffered tremendous physical pain and emotional distress as a result of this incident. The physical pain Ms. McKiness has suffered was caused by the negligence of the Defendant and forced Ms. McKiness to seek medical intervention. Her ability to perform normal daily activities was greatly affected and she continues to struggle with pain now over a year following the accident. Ms.McKiness has endured ongoing pain, suffering, anxiety, worry, and problems that resulted in a lessened quality of life which she would not have suffered but for the negligence of the Defendant SMITH'S FOOD & DRUG.

## PLAINTIFF'S SUMMARY OF DAMAGES

Liability is clearly established. The negligence of Defendant SMITH'S FOOD & DRUG forced Plaintiff Nicole McKiness to slip and fall, which could have been avoided had SMITH'S FOOD & DRUG exercised its duty of care and maintained its premises in a reasonable and safe manner. As a result, Plaintiff suffered severe bodily injury and other damages.

////

////

////

////

4

Below please find a summary of Plaintiff, NICOLE MCKINESS's medical specials related to the subject accident to date:

| Provider | Amount |
|---|---|
| Core Rehab | $6,522.00 |
| Touchstone Imaging | $180.00 |
| Chiropractic Solutions | $353.00 |
| Southern Nevada Medical | $2,075.00 |
| Las Vegas Radiology | $7,200.00 |
| Advanced Orthopedics & Sports Medicine | $18,883.53 |
| Center for Wellness & Pain | $8,297.85 |
| Radiology Specialists | $104.00 |
| Sunrise Hospital | $7,173.00 |
| Fremont Emergency Physicians | $973.00 |
| Desert Radiology | $817.00 |
| **FUTURE COSTS** | **$57,926.75** |
| **LOST WAGES** | **TBD** |
| | |
| **TOTAL** | **$110,505.13** |

## CONCLUSION

In addition to Plaintiff's medical expenses, potential future medical costs, and lost wages Plaintiff is entitled to general damages. General damages are difficult to calculate and precisely quantify and depend on the specific circumstances of the claim/claimant. The trier of fact will ultimately determine the amount of money necessary to compensate a Plaintiff(s) for general damages. Here, the facts and circumstances certainly warrant a large award of general damages for Plaintiff's pain, suffering, grief, anxiety, and inconvenience which in addition to the medical specials, potential future medical costs, and lost wages, will certainly exceed $50,000.00. Therefore, Plaintiff's damages warrant exemption from arbitration.

////

////

////

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

I hereby certify, pursuant to NRCP 11, this case to be within the exemptions marked above and am aware of the sanctions that may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this __ day of November, 2020.

LAW OFFICES OF KEVIN R. HANSEN

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 West Sahara Avenue, Suite 206
Las Vegas, NV 89146
*Attorneys for Plaintiff*

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

6

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of THE LAW OFFICES OF KEVIN R. HANSEN, and on the 30ᵗʰ day of November, 2020, the foregoing REQUEST FOR EXEMPTION FROM ARBITRATION was served via Odyssey E-Serve and U.S. Mail addressed to:

Jerry S. Busby, Esq.
Gregory A. Kraemer, Esq.
COOPER LEVENSON, P.A.
3016 W. Charleston Blvd., #195
Las Vegas, NV 89102
*Attorneys for Defendant*

An Employee of Law Offices of Kevin R. Hansen

7

Electronically Filed
12/16/2020 5:18 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| Nicole McKiness, Plaintiff(s) | |
| vs. | CASE NO: A-20-823790-C |
| | DEPT. NO: XXXII |
| Smith's Food & Drug Centers, Inc., | |
| Defendant(s) | |

### COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: November 30, 2020

EXEMPTION FILED BY: Plaintiff            OPPOSITION: No

### DECISION

    Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

    DATED this 16th of December, 2020.

_____
ADR COMMISSIONER

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

## NOTICE

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2020.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on December 17th, 2020.


/s/   Loretta Walker
ADR COMMISSIONER'S DESIGNEE

2

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT